IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| IRISALVA RIBEIRO, | ) | Civ. No. 09-00175 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | SAFEWAY INC.'S MOTION FOR |
| vs. | ) | PARTIAL SUMMARY |
| | ) | JUDGMENT |
| SAFEWAY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT SAFEWAY INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Safeway Inc.'s Motion for Partial Summary Judgment. The Court heard this Motion on October 21, 2011. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Safeway's Motion is GRANTED.

FACTUAL BACKGROUND

On April 6, 2008, Plaintiff Irisalva Ribeiro entered the Beretania Safeway store. (Complaint ¶ 5.) It was raining that day, and water was brought into the store entryway from shopping carts, umbrellas, and customers. (Plaintiff's Ex. 1 at 54.) At the entryway, Safeway placed a rubber-backed red carpet, which Ribeiro acknowledged was to prevent customers from stepping onto the wet tile floor and slipping. (Id. at 55, 100.) Safeway also placed a yellow "Wet Floor"

cone at the entrance of the store. (Id. at 109-10.) When Ribeiro entered the store, she stepped onto the rubber mat but stepped off of the mat and onto the tile flooring before reaching the end of the mat. (Id. at 100.) When she stepped off of the mat, she slipped and fell on the wet tile. (Id. at 99-100.)

On March 23, 2009, Ribeiro filed a Complaint against Safeway in state court, which Safeway removed to this Court on April 16, 2009. In the Complaint, Ribeiro asserts two claims: negligence (Count I) and punitive damages (Count II). She prays for general and special damages, punitive damages, and fees and costs.

On June 15, 2011, Safeway filed the instant Motion for Partial Summary Judgment, seeking summary judgment on Ribeiro's claim for punitive damages, as well as on her prayer for punitive damages. As discussed below, the Court grants Safeway's Motion.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving

party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried.  Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

Safeway seeks summary judgment on (1) Count II of Ribeiro's Complaint, which is an independent claim for punitive damages, and (2) Ribeiro's prayer for punitive damages.

I.        Count II for Punitive Damages

Safeway argues that it is entitled to summary judgment on the claim for punitive damages in Count II because "punitive damages cannot be asserted as a separate and independent cause of action."

The parties agree that, because this Court has diversity jurisdiction over this case, Hawaii substantive law applies.  Under Hawaii law, a "claim for

punitive damages is not an independent tort, but is purely incidental to a separate cause of action." Mullaney v. Hilton Hotels Corp., 634 F. Supp. 2d 1130, 1152 (D. Haw. 2009) (quoting Ross v. Stouffer Hotel Co., 879 P.2d 1037, 1049 (Haw. 1994)); see Kang v. Harrington, 587 P.2d 285, 291 (Haw. 1978) ("An award of punitive damages is purely incidental to the cause of action."). To the extent that Count II asserts an independent claim for punitive damages, summary judgment is granted on that Count. See, e.g., Mullaney, 634 F. Supp. 2d at 1153 ("the Court will grant [the] motion for summary judgment as to counts VI and VII to the extent that those counts assert independent claims for punitive damages").

II.     Prayer for Punitive Damages

Safeway admits that Ribeiro "may pursue punitive damages as a claim that is derivative of her cause of action for negligence" in Count I. However, Safeway argues that Ribeiro's prayer for punitive damages "must be dismissed because there is no evidence to support" an award of punitive damages.

"Punitive damages may be imposed in connection with a claim of negligence . . . 'where the plaintiff proves the requisite aggravating conduct on the part of the defendant.'" Mullaney, 634 F. Supp. 2d at 1153. According to the Hawaii Supreme Court:

> In order to recover punitive damages, "the plaintiff must prove by clear and convincing evidence that the

> defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences."

Id. (quoting Ass'n of Apartment Owners v. Venture 15, Inc., 167 P.3d 225, 290 (2007)).  Importantly, "punitive damages are not awarded for mere inadvertence, mistake, or errors of judgment."  Id. at 1154 (quoting Venture 15, Inc., 167 P.3d at 290).  Rather, the plaintiff must establish that "the defendant was consciously, i.e., knowingly, indifferent to the plaintiffs' rights, welfare and safety" and that "the defendant knew about the peril, but his acts or omissions demonstrated that he didn't care."  Id. at 1155.

Ribeiro's prayer for punitive damages is based on her claim for negligence in Count I.  Under Hawaii law, the elements of a negligence cause of action are:

> (1) A duty, or obligation, recognized by the law, requiring the defendant to conform to a standard of conduct, for the protection of others against unreasonable risks;
> (2) A failure on the defendant's part to conform to the standard required:  a breach of the duty;
> (3) A reasonably close causal connection between the conduct and the resulting injury and
> (4) Actual loss or damage resulting to the interests of another.

Campos v. United States, CV. NO. 06-00526 HG-KSC, 2008 WL 2230717, at *5 (D. Haw. May 30, 2008) (quoting Knodle v. Waikiki Gateway Hotel, Inc., 742 P.2d 377, 383 (Haw. 1987)) (ellipses points and brackets omitted).

Where a negligence claim is based on premises liability, Hawaii law imposes the following duty on the defendant:

> if a condition exists upon the land which poses an unreasonable risk of harm to persons using the land, then the possessor of the land, if the possessor knows, or should have known of the unreasonable risk, owes a duty to the persons using the land to take reasonable steps to eliminate the unreasonable risk, or adequately to warn the users against it.

Id. (quoting Corbett v. Ass'n of Apartment Owners of Wailua Bayview Apartments, 772 P.2d 415, 417 (Haw. 1989)).

In her opposition to Safeway's Motion for Partial Summary Judgment, Ribeiro argues that the vinyl composition tiles ("VCT") used at the store are very slippery when wet and therefore "presented a serious risk to customers patronizing the Safeway store." She also contends that Safeway knew that customers had previously slipped on VCT flooring, yet "did nothing to replace the VCT tiles in the entryway of the Safeway Beretania Store."

However, even if the Court were to agree with Ribeiro that the VCT flooring posed "an unreasonable risk of harm" to customers at the store, Safeway's

duty under Hawaii law to its customers was "to take reasonable steps to eliminate the unreasonable risk or adequately warn the [customers] against it." Campos, 2008 WL 2230717, at *5. Safeway's position is that it did take reasonable steps to eliminate the risk by placing a rubber-backed mat on the floor the day Ribeiro fell and that it did adequately warn customers about the wet floor by placing a yellow "Wet Floor" cone near the entrance of the store.

Ribeiro does not dispute the steps Safeway took to eliminate the risk and warn customers about the wet floor. Indeed, she testified during her deposition that she had seen rubber-backed red carpet mats and yellow "Wet Floor" cones in the entryway of Safeway on prior occasions when it was raining and that the rubber mats help to prevent customers from slipping on the tile flooring. She also stated that, on the day she fell, Safeway had placed a rubber mat on the floor at the entryway. She testified that, although she initially stepped onto the mat, she stepped off of the mat and onto the tile floor before she reached the end of the mat. When she stepped off the mat, she slipped and fell. As for the yellow "Wet Floor" cone, Ribeiro testified that she did not remember seeing the cone at the entryway but she testified that she had no reason to disbelieve surveillance video and photographs that showed such a cone near the entrance at the time she fell. Safeway's use of a rubber mat and a yellow "Wet Floor" cone was clearly an

attempt at complying with its duty to eliminate and warn customers about the risk of the wet flooring.[1]  See Campos, 2008 WL 2230717, at *5.

To prevail on her prayer for punitive damages, Ribeiro must provide "clear and convincing evidence" that Safeway acted with "criminal indifference" or "willful misconduct."  Mullaney, 634 F. Supp. 2d at 1153.  In an effort to meet this burden, Ribeiro argues that "Safeway was actually aware of the injury hazard that VCT tile in the entryway posed to its customers" and that it "fail[e]d to develop and implement a plan[] addressing the hazardous condition."  However, as noted above, the evidence presented by Safeway shows that it routinely took steps to address the condition by placing floor mats and "Wet Floor" cones at the entrance when it was raining outside, as it did on the day Ribeiro fell.  Ribeiro also argues that punitive damages are warranted because Safeway failed to "evaluate whether customers' slip and fall injuries are related to the type of flooring" and "provide its employees with training about the slip resistance of flooring materials," and because the "cones and mat and intermittent sweeping and mopping" were inadequate.  However, even if Ribeiro provided admissible evidence showing that these allegations are true, they do not establish that Safeway

---

[1] The Court is not now deciding or suggesting that Safeway satisfied its duties under Hawaii negligence law.

"acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations." See Mullaney, 634 F. Supp. 2d at 1153.  Ribeiro simply fails to produce admissible "clear and convincing evidence" showing that she is entitled to punitive damages in this case.  The Court therefore grants Safeway's request for summary judgment on Ribeiro's prayer for punitive damages based on her negligence claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Safeway's Motion for Partial Summary Judgment.

DATED:  Honolulu, Hawaii, November 10, 2011.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Ribeiro v. Safeway, Inc., Civ. No. 09-00175 BMK; ORDER GRANTING DEFENDANT SAFEWAY INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT.