IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IRISALVA RIBEIRO, ) | Civ. No. 09-00175 BMK |
| ) | |
| Plaintiff, ) | ORDER DENYING DEFENDANT |
| ) | SAFEWAY INC.'S MOTION FOR |
| vs. ) | SUMMARY JUDGMENT |
| ) | |
| SAFEWAY, INC. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER DENYING DEFENDANT SAFEWAY INC.'S
MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Safeway Inc.'s Motion for Summary Judgment (Doc. 137). The Court heard this Motion on March 7, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Safeway's Motion is DENIED.

FACTUAL BACKGROUND

On April 6, 2008, Plaintiff Irisalva Ribeiro entered the Beretania Safeway store. (Complaint ¶ 5.) It was raining that day, and water was brought into the store entryway from shopping carts, umbrellas, and customers. At the entryway, Safeway placed a rubber-backed red carpet, which Ribeiro acknowledged was to prevent customers from stepping onto the wet tile floor and slipping. (Defendant's Ex. 3 at 54-55.) Safeway also placed a yellow "Wet Floor"

cone at the entrance of the store.  (Id. at 108-09.)  When Ribeiro entered the store, she stepped onto the rubber mat but stepped off of the mat and onto the tile flooring before reaching the end of the mat.  (Id. at 100; Plaintiff's Decl'n ¶ 7.)  When she stepped off of the mat, she slipped and fell on the wet tile.  (Plaintiff's Decl'n ¶ 8.)

On March 23, 2009, Ribeiro filed a Complaint against Safeway in state court, which Safeway removed to this Court on April 16, 2009.  In the Complaint, Ribeiro asserts claims for negligence (Count I) and punitive damages (Count II).  She prays for general and special damages, punitive damages, and fees and costs.

On November 10, 2011, this Court granted Safeway's Motion for Partial Summary Judgment on Ribeiro's claim and prayer for punitive damages.

On January 18, 2012, Safeway filed the instant Motion for Summary Judgment on Ribeiro's negligence claim.  As discussed below, the Court denies Safeway's Motion.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  See Fed. R. Civ. P.

56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

Safeway seeks summary judgment on Ribeiro's claim for negligence.

The parties agree that, because this Court has diversity jurisdiction over this case, Hawaii substantive law applies. Under Hawaii law, the elements of a negligence cause of action are:

> (1) A duty, or obligation, recognized by the law, requiring the defendant to conform to a standard of conduct, for the protection of others against unreasonable risks;
> (2) A failure on the defendant's part to conform to the standard required: a breach of the duty;

3

> (3) A reasonably close causal connection between the conduct and the resulting injury and
> (4) Actual loss or damage resulting to the interests of another.

Campos v. United States, CV. NO. 06-00526 HG-KSC, 2008 WL 2230717, at *5 (D. Haw. May 30, 2008) (quoting Knodle v. Waikiki Gateway Hotel, Inc., 742 P.2d 377, 383 (Haw. 1987)) (ellipses points and brackets omitted).

Where a negligence claim is based on premises liability, Hawaii law imposes the following duty on the defendant:

> if a condition exists upon the land which poses an unreasonable risk of harm to persons using the land, then the possessor of the land, if the possessor knows, or should have known of the unreasonable risk, owes a duty to the persons using the land to take reasonable steps to eliminate the unreasonable risk, or adequately to warn the users against it.

Id. (quoting Corbett v. Ass'n of Apartment Owners of Wailua Bayview Apartments, 772 P.2d 415, 417 (Haw. 1989)). "Ordinarily, issues of negligence are not susceptible of summary judgment." Rodriguez v. Gen. Dynamics Armament & Tech. Prods., Inc., 696 F. Supp. 2d 1163, 1177 (D. Haw. 2010). Only "when facts are undisputed or lend themselves to only one reasonable interpretation or conclusion, then a court is required to pass upon the question of negligence as a matter of law." Id.

According to Safeway, "the measure of the adequacy of Safeway's warning is whether Plaintiff knew of the condition at issue." (Motion at 14.) Safeway argues that the "adequacy of Safeway's warning is proven by Plaintiff's unequivocal admissions," in which she "admitted that she knew of Safeway's warning and that she knew of the potential condition of the floor as she entered the Beretania Store." (Id. at 14-15.) Thus, Safeway argues that its use of yellow "wet floor" cones and rubber-backed red mats satisfied its duty to adequately warn Ribeiro about the wet floor. See Campos, 2008 WL 2230717, at *5 (noting the duty "to take reasonable steps to eliminate the unreasonable risk, or adequately to warn the users against it").

Ribeiro argues that the danger posed by Safeway's floor included not only the wet condition of the floor, but also the "extremely slippery quality of VCT flooring when wet." (Opp. at 6.) Ribeiro also contends that, although a wet floor cone was placed outside the entrance of the store (which she says she did not see), there was "no cone placed inside the store entranceway, including the area of the floor where Plaintiff stepped off the carpet." (Id.) Ribeiro therefore suggests that she was not aware of and not warned of the wet floor or the enhanced slippery quality of VCT flooring.

Here, there is a genuine dispute of material fact as Ribeiro's knowledge and warning of the wet condition of the floor and the enhanced slipperiness due to its material.  Indeed, Plaintiff's expert opined:  "By choosing to use a high gloss protectant on its VCT, Safeway made it more difficult for its patrons to detect water on the floor, [a] condition which was exacerbated by Safeway's choice of direct overhead lighting."  (Plaintiff's Ex. 3 at 794).  Further, Plaintiff says that, in her past experience at the Beretania Safeway store, she had seen "cones and red carpets . . . placed by Safeway even when it was not raining and the ground outside was not even wet."  (Plaintiff's Decl'n ¶ 5.)  Thus, there remains a genuine dispute as to whether Safeway's actions adequately warned Ribeiro of the floor's condition in the store.  These issues, as well as the "quintessential issues of fact such as whether the injured party knew, or should have known of the danger" shall be decided by a trier of fact, not as a matter of law.  Steigman v. Outrigger Enters., Inc., 267 P.3d 1238, 1250 (Haw. 2011) (noting that a jury - not a judge - should decide "quintessential issues of fact such as whether the injured party knew, or should have known of the danger . . . , and so on" (quoting Harrison v. Taylor, 768 P.2d 1321, 1328 (Idaho 1989))).  Because the material facts are disputed and do not "lend themselves to only one reasonable interpretation or conclusion," Ribeiro's claim of negligence is "not susceptible of

6

summary judgment." Rodriguez, 696 F. Supp. 2d at 1177.  Accordingly, summary judgment as to Ribeiro's negligence claim is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Safeway's Motion for Summary Judgment.

DATED:  Honolulu, Hawaii, March 26, 2012.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Ribeiro v. Safeway, Inc., Civ. No. 09-00175 BMK; ORDER DENYING DEFENDANT SAFEWAY INC.'S MOTION FOR SUMMARY JUDGMENT.